**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHERYL LEAR,

       Plaintiff,

                                              Case No. 3:17-cv-240-J-34MCR

vs.

ASTRAZENECA PHARMACEUTICALS LP,
WYETH PHARMACEUTICALS, INC., and
PFIZER, INC.,

       Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

    On March 2, 2017, Plaintiff Cheryl Lear initiated this action by filing her Complaint (Doc. 1) against Defendants AstraZeneca Pharmaceuticals LP, Wyeth Pharmaceuticals,

Inc., and Pfizer, Inc. In the Complaint, Lear asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 "because the amount in controversy as to the Plaintiff exceeds $75,000, exclusive of interest and costs, and because Defendants are incorporated and have their principal place of business in states other than the state in which the named Plaintiff resides." See id. ¶ 1. However, upon review, the Court finds that Lear fails to allege sufficient information for the Court to determine the citizenship of certain defendants. See id. at 4-7. Moreover, Lear appears to refer to defendants in the body of the Complaint that are not listed in the caption, such that it is unclear which specific entities Lear intends to include as defendants in this case.

Specifically, although the caption of the Complaint names only AstraZeneca Pharmaceuticals LP, in the body of the Complaint, Lear also identifies AstraZeneca LP as a defendant to this action. See id. ¶¶ 4, 23. Moreover, to the extent Lear intends to sue both of these entities, Lear fails to properly allege the citizenship of either one. Specifically, Lear alleges that AstraZeneca Pharmaceuticals LP is a "Delaware corporation with its corporate headquarters in Wilmington, Delaware." Id. ¶ 18. However, AstraZeneca's designation as an "LP" suggests that it is a limited partnership (LP), not a corporation. Likewise, Lear alleges that AstraZeneca LP is "a Delaware corporation," despite its use of the LP designation as well. These entities cannot be both limited partnerships and corporations. Moreover, because the requirements for demonstrating the citizenship of a limited partnership and a corporation are different, the Court cannot determine the citizenship of the AstraZeneca entities from the assertions in the Complaint.

For the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company,

is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members is determinative of the existence of diversity of citizenship." Id.; see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010) ("General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations are all treated as citizens of every state of which any partner or member is a citizen.") (internal quotation omitted). Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a limited partnership, a party must list the citizenship of each of the partners, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021–22; 28 U.S.C. § 1332(c)(1).

Here, as AstraZeneca Pharmaceuticals LP and AstraZeneca LP appear to be limited partnerships, but are alleged to be corporations, the Court is unable to determine their citizenship. As such, clarification is necessary to establish this Court's diversity jurisdiction. First, Lear must clarify whether she is suing one or both of the AstraZeneca entities. Lear must then correctly identify whether the defendant entity or entities are limited partnerships or corporations. If, indeed, these entities are corporations, Lear must allege the states of

3

incorporation and principal place of business of each defendant entity.[1] However, if they are, in fact, limited partnerships, Lear must establish the citizenship of each of their partners.

With respect to Defendant Wyeth Pharmaceuticals, Inc., it is similarly unclear to the Court whether the Wyeth entity named in the caption is the correct or only Wyeth entity that Lear intended to sue. The caption of the Complaint identifies Defendant Wyeth Pharmaceuticals, Inc., and Lear appears to allege the citizenship of this corporation properly by asserting that "Defendant Wyeth is, and at all times relevant to this action was, a Delaware corporation having a principal place of business . . . [in] New Jersey." See Complaint ¶ 36. However, Lear's allegations, and her use of the undefined shorthand "Wyeth," make it unclear whether she is actually referring to Wyeth Pharmaceuticals, Inc or some other Wyeth entity. For example, Lear alleges that "Wyeth . . . was the parent of Wyeth Laboratories, Inc. and Wyeth Pharmaceuticals, Inc. . . . ," and that "the management, supervision, control, reporting, and financial exchanges by and between Wyeth, Wyeth Pharmaceuticals, Inc., and Wyeth Laboratories, Inc., were . . . inextricably intertwined . . . ." See id. ¶¶ 32, 34. Because these allegations appear to refer to "Wyeth" and "Wyeth Pharmaceuticals, Inc." as different entities, it is unclear to the Court what entity Lear is referring to when she uses the term "Wyeth."

Moreover, although named and identified as a corporation, Lear alleges that "on November 9, 2009, Wyeth converted into a Delaware limited liability company, Wyeth LLC." See id. ¶ 34. If the Wyeth entity that is intended to be a defendant in this action is in fact a limited liability company (LLC), and not a corporation, then Lear has not sufficiently

---

[1] The Court notes that to the extent Lear intends to sue AstraZeneca LP, and this entity is actually a corporation, the Complaint currently fails to identify its principal place of business. See Complaint ¶ 23.

4

alleged its citizenship. As with a limited partnership, for the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P., 374 F.3d at 1022. Therefore, to sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of each of the limited liability company's members, be it an individual, corporation, LLC, or other entity. See id. Thus, Lear must clarify which Wyeth entity or entities she is intending to sue in this case, and correctly allege the citizenship of those entities, be they corporations, limited liability companies, or some other entity.

In light of the foregoing, the Court will require Lear to file an amended complaint which correctly names and identifies the defendants in this case and properly alleges the states of citizenship of those entities, so that this Court may determine whether it has jurisdiction over the instant action. Accordingly, it is

**ORDERED**:

Plaintiff Cheryl Lear shall have up to and including **March 28, 2017**, to file an amended complaint specifically identifying the defendants to this action and properly alleging their citizenship so that the Court may determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 7th day of March, 2017.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties